IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK SCHUSTER and
SONJA M. BLAIR,

      Plaintiffs,                              12-cv-00333

                                              **ELECTRONICALLY FILED**

      v.

TOWNSHIP OF NORTH SEWICKLEY,
BRYAN LANDMAN, JEFFERY BECZE,
SCOTT BLAIR, and REBECCA BLAIR,

      Defendants.

## MEMORANDUM OPINION RE: DEFENDANTS' MOTIONS TO DISMISS (DOC. NOS. 12 AND 14)

### I. Introduction

Pending before this Court are two Motions to Dismiss. Defendants Scott and Rebecca Blair ("Blair Defendants") filed a Motion to Dismiss Plaintiffs Frederick Schuster and Sonja M. Blair's ("Plaintiffs") Amended Complaint. Doc. No. 12. In addition, the Township of North Sewickley and two of its police officers, Bryan Landman and Jeffery Becze ("Township Defendants") filed a separate Motion to Dismiss. Doc. No. 14. The parties' dispute stems from the institution of criminal proceedings by Defendants Bryan Landman and Jeffery Becze against Plaintiff Frederick Schuster.

Plaintiffs pursue this civil rights action pursuant to 42 U.S.C. § 1983, seeking damages for malicious prosecution in violation of their Fourth Amendment rights under the United States Constitution (Count I), conspiracy to violate their civil rights (Count II), and intentional infliction of emotional distress under Pennsylvania law (Count III). Doc. No. 5, ¶¶ 52-80. After careful consideration of the Blair Defendants' Motion to Dismiss (Doc. No. 12) and Brief in Support (Doc. No. 13), the Township Defendants' Motion to Dismiss (Doc. No. 14) and Brief in

Support (Doc. No. 13), Plaintiffs' Responses (Doc. No. 21, Doc. No 24) and Brief in Support (Doc. No. 25), and Defendants' Reply brief (Doc. No. 27), and for the reasons that follow, the Blair Defendants' Motion to Dismiss (Doc. No. 12) and the Township Defendants' Motion to Dismiss (Doc. No. 14) will be **GRANTED**.

## II. Factual Background

When reviewing a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences in favor of Plaintiffs. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Taking Plaintiffs' factual allegations as true for the purposes of this Memorandum Opinion, the facts of this case are as follows:

Plaintiff Sonja Blair, the former sister-in-law of Defendant Scott Blair, contracted with her boyfriend, Plaintiff Frederick Schuster ("Schuster") to fix and maintain her rental properties, specifically those recently vacated by Scott Blair. Doc. No. 5, ¶¶ 15-19. While Schuster was performing his duties under the contract, numerous confrontations and verbal altercations ensued between the parties, some of which were initiated by Defendant Rebecca Blair, Scott Blair's wife. *Id.*, ¶¶ 20-40.

On March 17, 2010, Schuster was attempting to leave Sonja Blair's residence by car when his exit was blocked by Scott Blair. *Id.*, ¶ 22. After a stalemate, Scott Blair called the police, and Defendant Bryan Landman ("Landman"), an officer of the North Sewickley Police Department, arrived. *Id.*, ¶¶ 23-24. Landman is also a social associate of Scott and Rebecca Blair. *Id.*, ¶ 54. Two weeks later, Schuster received a citation in the mail for the charge of harassment, which was dismissed by the Beaver County Court of Common Pleas on June 21, 2011. *Id.*, ¶¶ 26.

On several occasions, Schuster witnessed Scott and Rebecca Blair filming him driving. *Id.*, ¶¶ 28-33. On July 30, 2010, Schuster, after delivering gravel to one of Sonja Blair's properties, was pulled over by an unnamed, non-party police officer, accused of not having a driver's license, and cited for driving under suspension. *Id.*, ¶¶ 30-32. This citation was dismissed on August 12, 2010, by the New Brighton District Court. *Id.,* ¶ 32. Approximately one year passed without incident. Then, on September 6, 2011, Schuster was walking with a cup of coffee by a road when an approaching car, driven by Scott Blair, caused him to jump out of the car's path and spill his coffee. *Id.*, ¶¶ 43-45.

On September 22, 2011, Schuster received two citations from the North Sewickley Township Police Department, written by Defendant Officer Jeffery Becze ("Becze"). *Id.*, ¶ 49. Becze is both a member of the North Sewickley Township Police Department and a social and business associate of Scott and Rebecca Blair. *Id.*, ¶¶ 6-54. One citation was issued for harassment and the other for disorderly conduct. *Id.*, ¶ 49. Both citations alleged that Schuster had deliberately thrown his coffee at Scott Blair's car. *Id.* While Scott Blair's harassment charge was dismissed, he was found guilty of disorderly conduct. *Id.*, ¶ 50, Doc. No. 15.

Plaintiffs allege that Scott and Rebecca Blair, acting in concert with their social and business associates, Defendant Officers Landman and Becze, knowingly caused the institution of false and baseless criminal proceedings against Schuster. *Id.*, ¶ 54. Plaintiffs further allege that Defendants instituted these proceedings solely for a malicious purpose, intentionally conspiring to interfere with Schuster's First Amendment Right to associate with whom he chooses. *Id.*, ¶¶ 56-71. As a result, Plaintiffs claim to have suffered severe emotional and psychological distress and humiliation. *Id.*, ¶ 79.

**III. Standard of Review**

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler*, 578 F.3d at 210. "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* At 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 Fed. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**IV. Discussion**

   *A. Plaintiffs Have Not Pled Sufficient Facts for a Section 1983 Malicious Prosecution Claim (Count I)*

To prevail in their Section 1983 malicious prosecution action, Plaintiffs must show: (1) Defendants initiated a criminal proceeding, (2) the criminal proceeding ended in Plaintiffs' favor, (3) the proceeding was initiated without probable cause, (4) Defendants acted maliciously or for a purpose other than bringing Plaintiffs to justice, and (5) Plaintiffs suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Estate of Smith v. Marasco*, 318 F.3d 497 (3d Cir. 2003). Furthermore, the United States Court of Appeals for the Third Circuit requires Plaintiffs to demonstrate a Fourth Amendment seizure in order to support a claim for a Section 1983 malicious prosecution. *Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998) (citation omitted). Importantly, in *DiBella v. Borough of Beachwood*, 407 F.3d 599 (3d Cir. 2005), the Court of Appeals for the Third Circuit held that prosecution alone, without arrest or significant pretrial restrictions, does not constitute a Fourth

Amendment government seizure for purposes of a Section 1983 malicious prosecution action. *Id.* at 603.

Plaintiffs' Amended Complaint details three separate incidents they allege constitute Township Defendants' malicious prosecution of Schuster: (1) on March 17, 2010, Schuster was charged with harassment; (2) on July 30, 2010, Schuster was cited for driving while under suspension; and (3) on September 6, 2011, Schuster was charged with harassment and disorderly conduct. Doc. No. 5. However, Plaintiffs do not allege that any of these incidents resulted in any significant restrictions of his freedom. Indeed, according to their factual averments, Schuster was notified of charges by citation. At no time was Schuster placed under the custody of the Township Defendants or arrested. Therefore, Plaintiffs cannot satisfy the fifth element because they were not subjected to the requisite Fourth Amendment seizure.

Moreover, the second element requires the proceeding end in Plaintiff's favor. Schuster, however, was found guilty of the disorderly conduct charge at summary trial. Consequently, Plaintiffs have not pled sufficient facts to support a Section 1983 malicious prosecution claim against either the Blair Defendants or the Township Defendants. Therefore, Count I of Plaintiffs Amended Complaint will be dismissed.

> B. *Plaintiffs Have Not Plead Sufficient Facts for a Section 1983 Civil Conspiracy Claim (Count II)[1]*

At Count II, Plaintiffs allege a claim of civil conspiracy under 42 U.S.C. § 1983. "In order to prove a civil conspiracy under § 1983, [a] plaintif[f] must demonstrate (1) an agreement between two or more conspirators (2) to deprive the plaintif[f] of a constitutional right, (3) under color of state law." *Glass v. City of Philadelphia*, 455 F.Supp.2d 302, 357 (E.D.Pa. 2006). In

---

[1] Although Count II of Plaintiffs' Amended Complaint asserts a claim of civil conspiracy under Section 1985, Plaintiffs have addressed the claim solely under Section 1983 in Plaintiffs' Brief in Support of Plaintiffs' Responses to Defendants' Motions to Dismiss. Doc. No. 25.

order to properly plead the existence of an agreement, "[t]he plaintiff must make specific factual allegations of combination . . . or understanding among all or any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." *Hammond v. Creative Financial Planning*, 800 F.Supp. 1244, 1250 (E.D.Pa. 1999). Furthermore, to plead conspiracy sufficiently, Plaintiffs must allege the specific period of time during which the conspiracy occurred, including, for example, the approximate time when the agreement was made. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 179 (3d Cir. 2010) *cert. denied*, 131 S. Ct. 1798 (U.S. 2011) (citations omitted).

Here, Plaintiffs' Amended Complaint fails to allege specific factual allegations concerning Defendants' alleged conspiracy to violate Plaintiffs' First Amendment rights. Accordingly, the Amended Complaint avers little more than the existence of personal/business associations between the Township Defendants and the Blair Defendants. Importantly, Plaintiffs fail to cite specific factual allegations regarding the conspiracy, rendering the claim implausible under an *Iqbal* analysis.

Furthermore, Plaintiffs' Amended Complaint fails to indicate the period of time during which the conspiracy occurred, a necessary element of the claim. Consequently, Count II of Plaintiffs' Amended Complaint will be dismissed.

    *C. Plaintiffs Have Not Stated a Claim for Intentional Infliction of Emotional Distress*.

Count III of Plaintiffs' Amended Complaint alleges intentional infliction of emotional distress against all Defendants. The Pennsylvania Supreme Court has cited Section 46 of the Restatement (Second) of Torts as setting forth the minimum elements necessary to sustain a claim for intentional infliction of emotional distress ("IIED"). *See Taylor v. Albert Einstein Medical Center*, 754 A.2d 650, 652 (2000). According to the Restatement, the three requisite elements are: (1) a person who by extreme and outrageous conduct; (2) intentionally or

recklessly causes; (3) severe emotional distress to another. *Id.* In order to satisfy the first element, defendants' conduct must be "so outrageous in character and so extreme in degree as to go beyond all possible grounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1988) (*quoting Buczek v. First National Bank of Mifflintown*, 531 A.2d 1122, 1125 (Pa. Super. 1987)). If the defendant's actions do not satisfy this threshold, it is irrelevant whether the defendant's actions were criminal or tortious, or whether the defendant, in fact, intended to inflict emotional distress. *Id.* (citation omitted). Also, Plaintiffs must "plead facts that would support an inference that the distress he suffered was the kind of unbearable mental anguish that rose to the level of severe emotional distress." *Kist v. Fatula*, 2007 WL 2404721 (W.D. Pa. 2007).

Plaintiffs have not pled facts that allege that the conduct of Defendants Scott and Rebecca Blair, in concert with Defendant Police Officers Landman and Becze, was so egregious as to constitute behavior considered atrocious or utterly intolerable. Although Plaintiffs argue that Defendants' use of government authority to interfere with the civil rights of others is conduct sufficient to satisfy the requisite threshold, Schuster was merely issued three citations to appear in court; he was never arrested or restrained. Furthermore, Schuster was found guilty of one of the three citations issued to him by Defendants Landman and Becze, as discussed in Section A.

In addition, Plaintiffs have failed to articulate any severe emotional distress or physical injuries that support a claim for IIED. Plaintiffs' Amended Complaint merely asserts conclusory statements that Plaintiffs suffered "sever [sic] emotional and psychological distress, humiliation, shame, embarrassment, and inconvenience." Doc. 5, ¶ 79. Thus, neither Plaintiffs' conclusory statements regarding severe emotional distress, nor Plaintiffs' allegations of humiliation, embarrassment, or inconvenience, are sufficient to demonstrate that the severity goes beyond that

which any reasonable man could be expected to endure. Therefore, Count III of Plaintiffs' Amended Complaint will be dismissed.

**V. Conclusion**

For the foregoing reasons, Plaintiffs' Amended Complaint will be dismissed without prejudice because the Court finds that amendment may not be futile.[2]

An appropriate Order follows.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties

---

[2] According to the United States Court of Appeals for the Third Circuit, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); Fed. R. Civ. P. 15(a)(2).